THEODORE F. REED, Respondent, *v.* PROVIDENT SAVINGS LIFE ASSURANCE SOCIETY OF NEW YORK and Others, Appellants.

*Order of severance of an action by a creditor of an assured on a policy on his debtor's life, in which his children intervene denying the indebtedness to the extent claimed and asking for a reformation of the policy — each party is entitled to be heard on all the issues.*

Theodore F. Reed, who claimed to be a creditor of Benjamin F. Reed, brought an action against the Provident Savings Life Assurance Society of New York to recover upon a policy of insurance issued to him upon the life of Benjamin F. Reed. The insurance company interposed an answer denying that the plaintiff had any insurable interest in the life of Benjamin F. Reed. The children of Benjamin F. Reed were made parties defendant on their own motion and interposed an answer denying that the plaintiff was a creditor to the extent claimed by him and alleging that they were the real beneficiaries under the policy and praying for a reformation thereof and an injunction restraining the plaintiff from collecting and the insurance company from paying to him the amount of the policy.

Upon the trial, the court, against the opposition of the Reed children, withdrew from the consideration of the jury the issues arising between the plaintiff and the Reed children, and directed that such issues, which were equitable in their nature, should be tried before another judge without a jury. This order was made upon the court's own motion and not upon a motion made on notice as is prescribed by the Code of Civil Procedure.

Thereafter an order was entered *nunc pro tunc* reciting that the previous order was inadvertently drawn as "severing issues" instead of "severing the action" and amending the previous order accordingly.

The trial of the issues arising between the plaintiff and the insurance company and of the issues arising between the plaintiff and the Reed children each resulted in a judgment in favor of the plaintiff.

Upon an appeal by the insurance company and by the Reed children from such judgments, with notice of an intention to bring up for review the order severing the issues and also the order severing the action, it was

*Held,* that the severance of the action did not nullify the order making the Reed children parties defendant;

That all of the parties were entitled to participate in the trial of any and all of the issues raised by the pleadings, and that, as both the insurance company and the Reed children had been deprived of this right by the order of severance, there had been a mistrial of both issues which required a reversal of the judgment; that the order of severance should also be reversed.

APPEAL by the defendant, the Provident Savings Life Assurance Society of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Rockland on the 15th day of November, 1900, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 15th day of November, 1900, denying the said defendant's motion for a new trial made upon the minutes, with notice of an intention to bring up for review upon such appeal an order severing the issues between the plaintiff and the defendants Reed and Davidson from the issues between the plaintiff and said assurance society, and also an order severing the action.

Also an appeal by the defendants Benjamin F. Reed and others from the above-mentioned judgment, with notice of an intention to bring up for review said orders of severance; and also from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Rockland on the 3d day of December, 1900, upon the decision of the court rendered after a trial at the Rockland Special Term.

*William T. Gilbert,* for the appellant Provident Savings Society.

*George Richards,* for the appellants Reed.

*W. H. Van Steenbergh, Emanuel G. Bullard* and *E. T. Lovatt,* for the respondent.

GOODRICH, P. J.:

There are three appeals in this action, one from a judgment entered upon a verdict in favor of the plaintiff and against the defendant corporation, on a policy of life insurance, for the amount

of such policy, another from a judgment rendered upon a decision at Special Term in favor of the plaintiff and against the children of the insured, who claimed to be the owners of the insurance fund, and a third, by the said children from the first-mentioned judgment.

On a former appeal from a judgment for the defendant corporation we reversed the judgment, the opinion being written by Mr. Justice CULLEN (36 App. Div. 250). The allegations of the complaint and answer of the defendant corporation, the intervention of the Reed children and their answer and the substantive facts are so fully stated in that opinion that it would be unnecessary to refer to them here except for the reason that the defendant's counsel asserts that "the facts on this trial show a different state of affairs." I shall, however, only supplement the statement of fact in Mr. Justice CULLEN's opinion with a reference to such additional facts as are necessary to our consideration of the present appeal.

The action was originally brought in September, 1896, by the plaintiff against the defendant corporation, to recover the amount of its policy of insurance issued in July, 1889, whereby "it promised to pay to Theodore F. Reed, creditor of Benjamin F. Reed (the beneficiary under this policy)," upon the death of Benjamin, the sum of $10,000. Benjamin died in February, 1896.

In May, 1897, the corporation appeared and served its answer, and in April, 1899, an amended answer, each of which appears in the record. These answers denied insurable interest in the plaintiff and alleged that he falsely represented that he was a creditor of Benjamin, and thereby obtained the policy in suit; that in September, 1887, the plaintiff, the said Benjamin and his five grandchildren made an agreeement whereby the plaintiff, for a valuable consideration, agreed to procure $25,000 of insurance on the life of Benjamin and to pay all premiums thereon, and that, out of the proceeds of said insurance when collected, the children should pay the plaintiff all premiums with interest and $5,000 in addition, the balance of the proceeds to be for the benefit of the children; and thereafter that the plaintiff fraudulently procured to be signed by Benjamin two promissory notes, one for $6,250 and the other for $2,050, and an agreement whereby Benjamin agreed to repay to the plaintiff any sums which he might pay for premiums, with interest.

About the same time a motion was made by the children of Ben-

jamin for an order that they be made parties defendant, on the ground that they had an interest in the action, and such order was granted. They appeared and answered, denying that the plaintiff was a creditor to the extent claimed by him and alleging that they were the real beneficiaries under the policy and praying for a reformation thereof and an injunction restraining the plaintiff from collecting and the defendant corporation from paying to him the amount of the policy.

This order was made before the first trial and was in force at the time of the last trial, at which, after the impaneling of the jury and after some evidence had been introduced, the court ruled that the only question of fact in the case was whether the plaintiff had an insurable interest; that the children must claim their rights through him; that if the plaintiff recovered, the children could bring their action against him, and that the money might be held to await that decision.

The record contains an order entered as of November 26, 1900, reciting that when the action came on for trial on November twelfth, the trial justice "having, on his own motion, withdrawn from the consideration of said jury all the issues raised in this action, except the issues raised by the complaint and the amended answer of the defendant Society, and said issues having thereupon been tried, and the jury, upon the direction of the Court, having rendered a verdict for the plaintiff and against the defendant Society, and the Court having directed that the issues raised between the plaintiff and the other defendants, being equitable in their nature, be severed from, those already disposed of, and be separately tried before Hon. Josiah T. Marean," etc., and directed that the issues between the plaintiff and the Reed children "be and they are hereby severed from the issues between the plaintiff and the defendant Society. And it is further ordered, on consent of both parties, that the said last mentioned issues be tried before said Justice, sitting without a jury at the Court House in Kings County, on the 26th day of November, 1900." On that day the trial of the issues between the plaintiff and the Reed children was had.

There also appears in the record another order entered *nunc pro tunc* for the previous order, which recites that the previous order was inadvertently drawn as "severing issues" instead of one "sever-

ing the action," and amending it accordingly. Both of these orders recite that they were made against the opposition of the Reed children. It is true that these orders recite that on consent of both parties the trial of the Reed children's issues was directed to be had before the justice, but that cannot be held as a waiver by the Reed children of their opposition to the severance of the issues or the action. And in their notice of appeal they state their intention to bring up these two orders for review.

The evidence produced at the trial of the issue between the plaintiff and the insurance society was the agreement between Benjamin and the plaintiff, referred to in our previous opinion, the several policies named in the agreement, the payment by the plaintiff of about $2,000 of premiums on the policies, including the one in suit, a tender to the defendant on Saturday, January 12, 1895, between one and two o'clock, of the premium due that day, the company's refusal to accept it on the ground that Saturday afternoon was a half holiday, the renewal of the tender on Monday following, the refusal of the company to receive it, the application to the company by the plaintiff in April, 1896, after Benjamin's death, for blank proofs of loss, the sending of such blanks by the company with the statement that the policy had become null and void for the non-payment of the premium on January 12, 1895, and the furnishing of proofs of death on the company's blanks. The plaintiff's counsel stated that the amount claimed was the $10,000, with interest, less the premiums due the company, the amount being $12,227.67.

The counsel of the company moved to dismiss on the ground that it was not shown that the policy was in force at the death of Benjamin; that the relation of debtor and creditor had not been shown, and that the premiums had not been paid at the time they were due. The motion was denied and the defendant excepted. The court said to plaintiff's counsel : " I understand you to stipulate that nothing in the adjudication of this action shall bind as between you and your clients and Mr. Richards' clients. I will strike him out of the action as a party." Mr. Lovatt (for plaintiff) replied : " I am willing that if a judgment is found in our favor here that the money shall abide the action to be brought by Mr. Richards on behalf of his clients against us alleging all that he claims now."

Counsel for the company then offered evidence as to the transactions between the plaintiff and Benjamin, and to show that the agreement between them was procured by fraud. This evidence was excluded and exception was taken. The company then offered in evidence the judgment roll in the case of the present plaintiff against the Massachusetts Benefit Life Assurance Association and the Reed children, defendants, as constituting *res judicata* upon the question of the rights of the Reed children in the present policy. The court excluded the evidence and defendant excepted.

In the view which we take of the appeal, and the probability of a new trial being had without further appeal, it may be well to say that in our opinion the judgment in the Massachusetts Benefit Life Assurance case was not *res judicata*. While the parties between whom the litigation arose were the same, the subject-matter, that is, the policies, was different. The Reed children might have been the owners of one policy and not of the other. The terms of the policy and the beneficiaries therein were different. At the date of the alleged agreement between the plaintiff and the Reed children the present policy was not in existence. It does not follow, necessarily, because it was taken out after the failure of one of the companies issuing policies covered by the agreement between the plaintiff and Benjamin, or between the plaintiff and the Reed children, that the parties had the same rights therein. We do not think, upon the issue between the plaintiff and the corporation, that it was improper under the evidence, as it then existed, to exclude the judgment roll.

The plaintiff moved for the direction of a verdict for the sum above named; the defendant asked permission to go to the jury on the question of what the contract was between the plaintiff and the Reed children, and the court denied the motion, and directed a verdict for the plaintiff for the amount claimed, to all of which the defendant corporation excepted, and now brings this appeal. Judgment was entered on November fifteenth.

At the threshold we are met with the question of the propriety of the order severing the action. The corporation contends that as the Reed children had been made parties defendant by order of the court, and no appeal had been taken therefrom, it was of binding force at the trial, and that the order severing the action in effect nullified it. It may be conceded that the original order was in

force, but that order had no other or greater effect than to make the Reed children parties defendant, just the same as if they had been originally made parties defendant. The order did not control the subsequent proceedings, such as the framing of issues or the methods of trial. The severance of the action did not nullify the order making the Reed children parties defendant.

One difficulty arises from the fact that it does not appear by the record that the order for severance, either of the issues or of the action, was entered at the time of the trial. The correct practice is fully pointed out in the Code of Civil Procedure. Section 1220, cited by the plaintiff, only relates to cases where there is an issue of law, such as a demurrer, and also an issue of fact. There is no issue of law here. There are two issues of fact, one between the plaintiff and the defendant corporation, which under section 968 is triable by a jury, the other an issue in the nature of equity between the plaintiff and the other defendants, the Reed children, triable by the court. By section 967 a separate trial between the plaintiff and one or more defendants, of some or all of the issues of fact or a change in the order of disposition of the issues, may be directed by the court in its discretion, and such direction may be given in an order made upon notice, or by the judge holding the term where those issues are regularly upon the calendar for trial, either with or without the entry of an order.

Section 969 provides that where there is an issue of fact not necessarily triable by a jury, such issue must be tried by the court unless a reference or a jury trial is directed, and section 970 provides that where a party is entitled to a jury trial in an action not specified in section 968, he may apply upon notice to the court for an order directing all the questions arising upon those issues to be distinctly and plainly stated for trial accordingly, and that the subsequent proceedings are the same as where questions arising upon the issues are stated for trial by jury in a case where neither party can as of right require such trial.

Section 971 provides that where a party is not entitled as of right to a trial by jury, the court may in its discretion, upon the application of either party or without application, direct that one or more questions of fact arising upon the issue be tried by a jury, and may cause those questions to be distinctly and plainly stated for trial accordingly.

Section 972 provides that if the questions directed to be tried by a jury as prescribed in the last two sections do not embrace all the issues of fact in the action, the remaining issues of fact must be tried by the court or by a referee.

Section 1205 provides that where the action is against two or more defendants and a several judgment is proper, the court may in its discretion render judgment or require the plaintiff to take judgment against one or more of the defendants and direct that the action be severed, and proceed against the others as the only defendants therein.

In the present action no motion was made on notice under any of these sections for any particular disposition of the issues or for the framing of issues. At the trial, the court, of its own motion, directed the trial by the jury of the issue between the plaintiff and the defendant corporation, and a subsequent trial at Special Term of the issues between the plaintiff and the Reed children.

The course pursued has resulted in a judgment against the defendant corporation for the amount of the policy, no matter who was the owner of or interested in it. The later trial has decided the issue of ownership between the plaintiff and the Reed children in favor of the plaintiff. The corporation contends that the judgment on the verdict might have been followed by a judgment on a decision at Special Term that the Reed children were the owners of the policy, and so a judgment might have been entered in their favor against the corporation. But no such result has followed. It may also be said that if the anxiety of the corporation was simply to provide against a double recovery, it might have had interpleader and been discharged of that liability.

We come now to a consideration of the judgment on the trial at Special Term, of the issue between the plaintiff and the Reed children, which, briefly stated, was whether the policies had been taken out by the plaintiff in pursuance of an agreement with Benjamin Reed and his children. Upon this question there was contradictory evidence, and the judgment roll in the case of *Reed* v. *Massachusetts Benefit Life Association* was admitted in evidence, but there was evidence sufficient to support the finding of the court as against the Reed children, that there was no such contract as was alleged by them. The court also found that the plaintiff was a creditor of

Benjamin, and as such obtained the policy in suit and paid all the premiums thereon. It decided, as matter of law, that the plaintiff was the absolute owner of the policy in his own right as against the children, and entitled to judgment on the issue tried before it.

The difficulty, however, is in the method of trial. All the parties were entitled to participate in the trial of any and all of the issues raised by the pleadings. As between the plaintiff and the corporation the issue was whether the policy was issued to the plaintiff and the premiums paid, whether he was a creditor, and whether the policy was due by reason of the death of Benjamin. But this issue did not stand alone. In their answer the Reed children claimed a reformation of the policy and the payment of the amount to them. On this claim the corporation was entitled to a hearing which has been denied it. On the other hand, the Reed children were entitled to be heard at the jury trial on the question of the right of the plaintiff to any recovery, and on that claim they have not had their day in court.

We have referred to the provisions of the Code which regulate the practice in cases like the present, for the reason that the parties may see fit to apply at Special Term for relief under them. We do not intimate whether or not it is too late for such an application, or what order should be made therein.

We are of opinion that there has been a mistrial of both issues, which requires a reversal of the judgments. The order of severance of the action must also be reversed.

BARTLETT, WOODWARD and JENKS, JJ., concurred; HIRSCHBERG, J., taking no part.

Judgments reversed and new trial granted, costs to abide the event. Order of severance reversed, without costs.